IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Dileep Manchikalapudi, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:22-cv-2387 |
| American Recovery Services, Inc., a California corporation, | ) |
| Defendant. | ) Jury Demanded |

**COMPLAINT**

Plaintiff, Dileep Manchikalapudi, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Dileep Manchikalapudi ("Manchikalapudi"), is a citizen of the State of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for a Best Buy/Citibank account.

4. Defendant, American Recovery Services, Inc. ("ARSI"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly

1

or indirectly, defaulted consumer debts that it did not originate. ARSI operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana.

5. Defendant ARSI was acting as debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant ARSI is authorized to conduct business in Indiana, and maintains a registered agent here, see, records from the Indiana Secretary of State, attached at Exhibit A. In fact, Defendant conducts extensive business in Indiana.

**FACTUAL ALLEGATIONS**

7. Due to financial difficulties, Plaintiff was unable to pay his debts, including a debt he allegedly owed for a Best Buy/Citibank account. Sometime after this debt went into default, it was sent to Defendant ARSI for collection. ARSI attempted to collect this debt by sending Plaintiff an initial email collection letter on October 13, 2022. A copy of this email letter is attached as Exhibit B.

8. Unsure about the debt, as well as unsure about ARSI, Mr. Manchikalapudi had his attorney write to Defendant, via an email letter dated October 17, 2022, to inform Defendant that Mr. Manchikalapudi was represented by counsel, that he disputed the debt and that he requested verification of the debt. A copy of this email letter is attached as Exhibit C.

9. Mr. Manchikalapudi's attorney's letter (Exhibit C) was sent via email to the same email address Defendant used to contact Mr. Manchikalapudi and did not bounce back as undeliverable. Moreover, Mr. Manchikalapudi's attorney spoke with Defendant's personnel that same day and confirmed that he represented Mr. Manchikalapudi, see,

attached Exhibit C at p. 2.

10. Nonetheless, on December 5, 2022, Defendant sent a second email collection letter directly to Mr. Manchikalapudi, demanding payment of the Best Buy/Citibank debt. A copy of this email letter is attached as Exhibit D.

11. Accordingly, Mr. Manchikalapudi's attorney had to write Defendant another letter, on December 6, 2022, reminding Defendant that Plaintiff was represented by counsel, that he disputed the debt, and that ARSI had to cease collections/cease communication. A copy of this letter is attached as Exhibit E.

12. Defendant's collection actions alarmed, confused, outraged and emotionally distressed Mr. Manchikalapudi, invaded his privacy/right to be left alone and cost him out-of-pocket expenses.

13. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

## ARTICLE III STANDING

14. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a) (Abusive Practices) (emphasis added).

15. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt

3

and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

16. Defendant's continued direct collection actions invaded Plaintiff's right to counsel and were a direct invasion of Mr. Manchikalapudi's legally-protected right to be left alone and his right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Persinger v. Southwest Credit Systems, 20 F.4th 1184, 1191-93 (7th Cir. 2021); Lupia v. Medicredit, 8 F.4th 1184, 1191-92 (10th Cir. 2021).

17. Defendant's collection actions alarmed, confused and emotionally distressed Mr. Manchikalapudi, invaded his right to privacy, caused him to act to his detriment, and cost him out-of-pocket expenses.

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20. Here, the letter from Plaintiff's attorney to Defendant told Defendant to cease communications and cease collections (Exhibit C). By continuing to communicate

4

with Plaintiff regarding payment of this debt, Defendant violated § 1692c(c) of the FDCPA.

21. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

24. Defendant knew that Plaintiff was represented by counsel in connection with this debt because his attorney had given notice in writing, and via a telephone call, directly to Defendant, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff the December 5, 2022, email collection letter, despite being advised that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

25. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692g(b) Of The FDCPA
## Continuing To Collect a Disputed Debt Without Providing Validation

26. Plaintiff adopts and realleges ¶¶ 1-17.

27. Section 1692g(b) of the FDCPA provides that, if a debt is disputed within the 30-day validation period, then the debt collector must cease all collection action until it provides verification of the debt.

28. Mr. Manchikalapudi timely disputed the validity of the debt, and requested validation of the alleged debt (Exhibit C), but Defendant ignored Mr. Manchikalapudi's request for validation of the debt, and instead continued to attempt to collect the debt directly from him (Exhibit D), in violation of § 1692g(b) of the FDCPA.

29. Defendant's violation § 1692g(b) of the FDCPA renders Defendant liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Dileep Manchikalapudi, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Manchikalapudi, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Dileep Manchikalapudi, demands trial by jury.

          Dileep Manchikalapudi,

          By: /s/ David J. Philipps_____
          One of Plaintiff's Attorneys

Dated: December 12, 2022

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
9465 Counselors Row
Suite 200
Indianapolis, Indiana 46240
(317) 805-4717
(317) 732-7511 (FAX)
shalbertlaw@gmail.com